WARSAW ELEVATOR COMPANY, Respondent, *v.* WILLIAM J. GUCKER, INC., Appellant.

Fourth Department, June 29, 1932.

*George J. Skivington,* for the appellant.

*Ray M. Stanley* and *Ellis H. Gidley,* for the respondent.

PER CURIAM. Two juries have found for plaintiff in this action for damages for conversion, the first judgment having been reversed by this court on the ground that the verdict was against the weight of the evidence. (228 App. Div. 757.) The crucial question involved is whether defendant through its attorney — who had full and active charge of a mortgage loan made by defendant to one Worth D. Irish — had actual knowledge that an elevator which had been installed in a building on the premises involved was sold to Irish by plaintiff under a conditional sale contract. We are

loath to disturb this second verdict but feel compelled to do so. Defendant advanced $40,000 to Irish, receiving a second mortgage subsequent to a first mortgage of $220,000. Irish has acquired many creditors, some having filed mechanics' liens. Good business precaution demanded that all lienors be satisfied before defendant made its loan and received and recorded its mortgage. It was represented by a competent attorney who on the record was endeavoring to use proper care to protect his client's interests. All claims which were liens of record were taken care of. For this attorney to make this large loan — with actual knowledge that this elevator of the value of about $5,000 was the property of plaintiff until paid for and that it had not been paid for — without requiring Irish to pay for the elevator out of the funds advanced by defendant seems to us inexplicable. With this in mind and after giving careful consideration to the testimony of the many witnesses and the probable interest and lack of interest of them all we reach the conclusion that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event on the ground that on the question of actual notice the verdict was against the weight of the evidence.

All concur, except SEARS, P. J., and EDGCOMB, J., who dissent and vote for affirmance.

Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event.